UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

DIAMOND RESORTS HOLDINGS, LLC,
a Nevada limited liability company,

  Plaintiff,

v.

DIAMOND VIEW SOCIAL HOUSE, LLC, a
Missouri limited liability company;
LAST RESORT FEE L.L.C., a Missouri
limited liability company;
SHOW ME SUNSHINE PROPERTIES LLC,
a Florida limited liability company;
RESORT INSTALLATION SYSTEMS, INC.,
a Missouri corporation;
JEFFREY H. SHAVER, an individual;
BRENDA K. SHAVER, an individual; and
GEOFFREY L. SHAVER, an individual.

  Defendants.

Case #:

## COMPLAINT AND REQUEST FOR INJUNCTIVE RELIEF

Plaintiff, DIAMOND RESORTS HOLDINGS, LLC ("Diamond"), a Nevada limited liability company, sues Defendants, DIAMOND VIEW SOCIAL HOUSE, LLC ("Restaurant Owner"), a Missouri limited liability company; LAST RESORT FEE L.L.C. ("Last Resort"), a Missouri limited liability company; SHOW ME SUNSHINE PROPERTIES LLC ("Sunshine Properties"), a Florida limited liability company; RESORT INSTALLATION SYSTEMS, INC. ("Resort Systems"), a Missouri corporation; JEFFREY H. SHAVER ("JHS"), an individual; BRENDA K. SHAVER ("BKS"), an individual; and GEOFFREY L. SHAVER ("GLS"), an individual (collectively referred to herein as "Defendants"), and states as follows:

1. This is an action seeking injunctive relief and damages for trademark infringement, contributory trademark infringement, false designation of origin, false association,

dilution, and unfair competition, all in violation of the Lanham Act; and for related acts of unfair competition in violation of the common law rights of Diamond.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 (Lanham Act), 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338 (patents, copyrights and trademarks), as well as pursuant to 28 U.S.C. §1367 (supplemental jurisdiction).

3. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. §1391 (b)(2) and (c) as a substantial part of the events giving rise to Diamond's claims occurred in this district; property owned by Resort Systems, Sunshine Properties, BKS, and GLS is located in this district, Restaurant Owner, Last Resort, BKS, and JHS are doing business in this district, and the Defendants' conduct, as set forth herein, is ongoing in this district.

## THE PARTIES

4. Diamond is and was at all relevant times a limited liability company organized and existing under the laws of the state of Nevada, with a principal address of 10600 West Charleston Boulevard, Las Vegas, Nevada 89135.

5. Diamond is engaged in the business of timeshare sales, exchange, marketing, and development activities throughout the United States and worldwide.

6. Diamond owns numerous trademarks registered on the Principal Register at the United States Patent and Trademark Office, including, but not limited to, the marks, DIAMOND RESORTS® and DIAMOND RESORTS INTERNATIONAL® (these marks, among others, included in the below table are collectively referred to herein as the "Diamond Marks"). Some of the Diamond Marks have become incontestable.

7. Diamond's subsidiary, Diamond Resorts Corporation, is a corporation organized and existing under the laws of the state of Maryland, which owns real property in Taney County,

Missouri, specifically located at 1 Fall Creek Drive, Branson, Missouri 65616 (the "Diamond Parcel"). The Diamond Parcel is home to a Diamond Resorts® sales office and timeshare resort.

8. Restaurant Owner is and was at all relevant times a limited liability company organized and existing under the laws of the state of Missouri, with a principal address of 120 Warehouse Drive, Branson, Missouri 65616.

9. Restaurant Owner is the owner, developer, and operator of the Diamond View Social House Restaurant ("Diamond View"), located at 222 Fall Creek Drive, Branson, Missouri 65616. Diamond View abuts, and shares a border with, the Diamond Parcel.

10. Last Resort is and was at all relevant times a limited liability company organized and existing under the laws of the state of Missouri, with a principal address of 100 Fall Creek Drive, Branson, Missouri 65616.

11. Sunshine Properties is and was at all relevant times a limited liability company organized and existing under the laws of the state of Florida, with a principal address of 4727 Papaya Park, Destin, Florida 32541. Sunshine Properties owns the real property upon which Diamond View is located.

12. Resort Systems is and was at all relevant times a limited liability company organized and existing under the laws of the state of Missouri, with a principal address of 120 Warehouse Drive, Branson, Missouri 65616. Resort Systems owns the real property upon which Last Resort is located.

13. JHS is an adult resident of Taney County, Missouri and, upon information and belief, an owner of Last Resort. JHS has knowledge of and has exerted control over the activities of Last Resort.

14. BKS is an adult resident of Okaloosa County, Florida and, upon information and belief, an owner of Restaurant Owner and Resort Systems. BKS is also a co-owner, along with GLS, of Sunshine Properties. BKS has knowledge of and has exerted control over the activities of Restaurant Owner, Resort Systems, and Sunshine Properties.

15. GLS is an adult resident of Okaloosa County, Florida and, upon information and belief, co-owner of Sunshine Properties. GLS has knowledge of and has exerted control over the activities of Sunshine Properties.

16. Upon information and belief, while Diamond View is ostensibly a restaurant, Last Resort uses Diamond View as a venue or front for operation of its timeshare exit business. Timeshare exit businesses induce customers to, and assist consumers with, breaching or otherwise exiting their timeshare agreements and contracts with timeshare operators, such as Diamond. An example of a recent digital billboard advertisement run by Defendants for Diamond View is attached hereto as **Composite Exhibit "A."**

## THE DIAMOND MARKS

17. Diamond is one of the leading hotel, real estate sales management, and timeshare companies in the United States and worldwide. Over the past two decades, Diamond has spent substantial amounts of money marketing its brand to establish its wide-spread goodwill amongst consumers and foster its esteemed reputation throughout, *inter alia,* the hotel, real estate sales management, and timeshare industries.

18. Diamond has developed the Diamond Marks to distinguish its products and services. Diamond uses the Diamond Marks in its advertising, marketing, and promotional endeavors. Diamond has federal registrations for a number of marks, including the Diamond Marks listed below:

| Registration Number | Trademark | Registration Date | Description of Goods and/or Services |
|---|---|---|---|
| 2,411,329 | DIAMOND RESORTS INTERNATIONAL | December 5, 2000 | IC 042: Hotel Services. |
| 2,432,190 | DIAMOND RESORTS INTERNATIONAL | February 27, 2001 | IC 036: Real estate time sharing services. |
| 3,746,815 | DIAMOND RESORTS | February 9, 2010 | IC 036: Real estate equity sharing, namely, managing and arranging for co-ownership of real estate; real estate time-sharing; vacation real estate time share exchange services; vacation real estate time-sharing. |
| 4,067,822 | DIAMOND LOYALTY | December 6, 2011 | IC 036: Real estate equity sharing, namely, managing and arranging for co-ownership of real estate; real estate services, namely, rental of short term furnished apartments; real estate time-sharing; vacation real estate time sharing; vacation real estate time-sharing services.<br><br>IC 038: Providing free internet access; providing a dedicated web portal in the nature of providing access to interactive online chat room; providing dedicated reservation telephone lines for securing accommodations.<br><br>IC 043: Travel services, namely, providing travel lodging information |

25017772v4 3033961 7/14/2017

| Registration Number | Trademark | Registration Date | Description of Goods and/or Services |
|---|---|---|---|
| | | | services and travel agency booking services for travelers; arranging for rooms in resorts, accommodation exchange and reservation services; making arrangements for travelers to extend lodging reservations, redeem unused lodging reservations, or to be allowed to waive redemption dates in connection with accommodation promotions.<br><br>IC 045: Concierge services for others, comprising making requested personal arrangements and reservations and providing customer specific information to meet individual needs rendered together in a hotel and resort, apartment timeshare environment; providing customized gift baskets including bathroom amenities. |
| 4,101,489 | SHARE THE DIAMOND DIFFERENCE | February 21, 2012 | IC 036: Real estate equity sharing, namely, managing and arranging for co-ownership of real estate; real estate time-sharing; vacation real estate time share exchange services; vacation real estate time-sharing; vacation real |

| Registration Number | Trademark | Registration Date | Description of Goods and/or Services |
|---|---|---|---|
| | | | estate timeshare services. |
| 4,361,959 | DIAMOND RESORTS INTERNATIONAL | July 2, 2013 | IC 035: Real estate sales management; managing and operating hotels of others. |
| 4,505,500 | DIAMOND LUXURY SELECTION | January 14, 2014 | IC 043: Making reservations and bookings for others at hotels and residences; providing a website featuring information in the field of hotels and temporary accommodations for travelers; reserving lodging rooms for travelers. |
| 4,805,164 | DIAMOND PLUS POINTS | September 1, 2015 | IC 035: Incentive programs for credit card users, namely, providing gift cards, merchandise, and travel awards for credit card use as part of a customer loyalty program.<br><br>IC 036: Credit card services; incentive programs for credit card users, namely, providing cash and rebates for credit card use as part of a customer loyalty program. |

True and correct copies of the Certificates of Registration for the Diamond Marks, and associated assignments to Diamond (as appropriate), are attached hereto as **Composite Exhibit "B."**

19. The Diamond Marks are in full force and effect and have never been revoked or cancelled. Many of the Diamond Marks have become incontestable.

20. Diamond has provided notice to the public, and upon information and belief, Defendants have actual knowledge of Diamond's registrations and ownership of the Diamond Marks, pursuant to 15 U.S.C. §1072, by including same on general promotional, advertising, legal and other documents and materials. Additionally, by virtue of registration on the Principal Register, Diamond has provided constructive notice of Diamond's claim of ownership of the Diamond Marks.

21. The federally protected Diamond Marks have become associated with a well-regarded hotel, real estate sales management, and timeshare brand and have otherwise become famous.

## DEFENDANTS' INFRINGING USE

22. Diamond View was created by Restaurant Owner and is not affiliated with Diamond.

23. Defendants engaged in promoting and advertising Diamond View and Last Resort's timeshare exit business through the infringing use of the Diamond Marks and/or a confusingly similar designation with respect to the Diamond View name, and on billboards and signage throughout their property, and, upon information and belief, also in their promotional materials such as its pamphlets, flyers, and other items of the sort.

24. Defendants' use of the Diamond Marks and/or any variation thereof is unauthorized.

25. Notwithstanding the long, well-established, and well-publicized use of the Diamond Marks in connection with Diamond's hotel, real estate sales management, and

timeshare business, Defendants have adopted and used in commerce, and continue to use in commerce, the Diamond Marks and/or a confusingly similar designation.

26. There is a likelihood of confusion as to the association and/or sponsorship of Diamond View and/or Last Resort by Diamond amongst consumers. Additionally, actual confusion has occurred. Diamond has a proprietary interest in the Diamond Marks as they are strong, highly distinctive, and arbitrary marks. The Diamond Marks are not used by third parties outside of Diamond's affiliates and subsidiaries in connection with the hotel, real estate sales management, and timeshare business.

27. The Diamond View mark is confusingly similar in appearance, sound, connotation, and commercial impression with the Diamond Marks. The Diamond View mark is advertised in relation to the timeshare industry and Last Resort uses it as a marketing tool for its timeshare exit business specifically targeted at Diamond's customers. True and correct copies of photographs depicting the Diamond View billboards and signage are attached hereto as **Composite Exhibit "C."**

28. Upon information and belief, Last Resort is advertising its timeshare exit business at Diamond View which gives patrons the false impression that Diamond is associated with or otherwise authorizes, sponsors, or supports Last Resort, its business, and/or the services Last Resort provides.

29. Restaurant Owner and Last Resort are also advertising free meals at the Diamond View to entice Diamond customers in any way possible. A true and correct copy of a photograph displaying this advertisement is attached hereto as **Exhibit "D."** Defendants intend to benefit from Diamond's brand by leading consumers to mistakenly think that Diamond sponsors these free meals and authorizes, sponsors, and/or supports Last Resort's business practices. On one

occasion, Last Resort lured so many Diamond customers into Diamond View that it exceeded its occupancy allowance. Defendants' improper activities have caused and will continue to cause irreparable harm to Diamond.

30. Upon information and belief, Last Resort employees have entered onto the Diamond Parcel on multiple occasions soliciting customers to eat at Diamond View allowing Last Resort the opportunity to advertise first-hand its timeshare exit business to these consumers.

31. Diamond View employees are also soliciting customers by disseminating business cards that display the Diamond View mark, which is confusingly similar to the Diamond Marks, at local businesses. A true and correct copy of a photograph portraying one of these business cards is attached here to as **Exhibit "E."**

32. Diamond and Defendants are attempting to service the same timeshare market and use similar means to advertise.

33. Diamond View abuts the Diamond Parcel. Restaurant Owner, and Last Resort placed Diamond View signage at the entrance of the Diamond Parcel and, even directly on the Diamond Parcel.

34. The Diamond Parcel and Sunshine Properties' property, where Diamond View is located, are so geographically close and the Diamond Marks and the Diamond View mark are so akin, that timeshare clientele mistakenly assume and will continue to mistakenly assume that there is a relationship between Diamond and Diamond View.

35. BKS, on behalf of Restaurant Owner, made a request on 99designs.com for a logo design for Diamond View. BKS expressed in her request that the Diamond View name cannot be changed showing clear intent to benefit from Diamond's name. Therefore, it is evident that the Diamond View name and design, that are confusingly similar to the Diamond Marks, were

25017772v4 3033961 7/14/2017

purposefully chosen to mislead consumers into thinking that Diamond View is in some way affiliated with Diamond.. A true and correct copy of the inquiry BKS made on 99designs.com and related correspondence is attached hereto as **Exhibit "F."**

36. Defendants intend to benefit from Diamond's name, brand, and goodwill in using the Diamond View moniker to confuse timeshare customers and lure them to Diamond View.

37. Diamond has received multiple complaints and inquiries from customers who were actually confused as to whether Diamond View and Last Resort's timeshare exit business were affiliated with, sponsored, or approved by Diamond.

38. Defendants' use of the Diamond Marks and/or a confusingly similar mark, and the marketing and advertising of same in the community, has caused and will continue to cause Diamond irreparable harm for which there is no adequate remedy at law, and warrants the issuing of injunctive relief.

39. All conditions precedent to the maintenance of this action has occurred, have been performed, have been waived, or would be futile if attempted.

40. Diamond has retained the undersigned counsel and is obligated to them for reasonable fees, which fees are recoverable against Defendants.

## COUNT I- TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. §1114 AGAINST RESTAURANT OWNER, LAST RESORT, JHS, AND BKS

41. Diamond hereby incorporates paragraphs 1 through 40 as if more fully set forth herein.

42. Restaurant Owner, Last Resort, JHS, and BKS are engaging in trademark infringement and contributory trademark infringement by using the Diamond Marks and/or a confusingly similar designation in commerce, without Diamond's consent, in connection with the Diamond View name, and the advertising and general promotion of same in the community.

43. Diamond has enforceable federal trademark rights in the Diamond Marks.

44. Restaurant Owner, Last Resort, JHS, and BKS have imitated and used the Diamond Marks and/or a confusingly similar designation in connection with Diamond View for the sole purpose of promoting the restaurant and, ultimately, Last Resort's timeshare exit business, as though they were authorized to do so by Diamond, in order to trade upon Diamond's goodwill and reputation.

45. The continued use by Restaurant Owner, Last Resort, JHS, and BKS of the Diamond Marks and/or a confusingly similar designation with respect to Diamond View has caused and is likely to continue to cause confusion, mistake and to deceive the public into thinking that Diamond View has some present connection, sponsorship, and/or affiliation with Diamond, or that Restaurant Owner, Last Resort, JHS, and BKS are otherwise authorized to use the Diamond Marks and/or a confusingly similar designation in connection with Restaurant Owner's eatery and ultimately, Last Resort's timeshare exit business.

46. Restaurant Owner's, Last Resort's, JHS', and BKS' conduct, as set forth herein, constitutes willful and intentional infringement of the Diamond Marks in total disregard for Diamond's proprietary rights, thereby entitling Diamond to attorney's fees pursuant to 15 U.S.C. §1117(a).

47. Restaurant Owner's, Last Resort's, JHS', and BKS' infringing activities have caused and will continue to cause Diamond damages in an amount yet to be ascertained. As such, Diamond is entitled to preliminary and permanent injunctive relief against Restaurant Owner, Last Resort, JHS, and BKS, restraining further acts of infringement.

**COUNT II- CONTRIBUTORY TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. §1114 AGAINST RESORT SYSTEMS, SUNSHINE PROPERTIES, AND GLS**

48. Diamond hereby incorporates paragraphs 1 through 40 as if more fully set forth

herein.

49. Upon information and belief, due to at least the familial and corporate interrelatedness of the Defendants, Resort Systems, Sunshine Properties, and GLS are aware of Restaurant Owner's, Last Resort's, JHS', and BKS' infringing activities and have contributed and continue to contribute to this infringement by permitting the exhibition of billboards and/or signage displaying the Diamond View name on their property. Thus, Resort Systems, Sunshine Properties, and GLS are engaging in contributory trademark infringement by their knowledge of, control over, and contribution to Restaurant Owner, Last Resort, JHS, and BKS wrongfully using the Diamond Marks and/or a confusingly similar designation in commerce, without Diamond's consent, in connection with the Diamond View name, and the advertising and general promotion of same in the community.

50. Diamond has enforceable trademark rights in the Diamond Marks.

51. Resort Systems, Sunshine Properties, and GLS are aware of Restaurant Owner's, Last Resort's, JHS', and BKS' infringing activities and have contributed and continue to contribute to this infringement by permitting the exhibition of billboards and/or signage displaying the Diamond View name on their property. Thus, Resort Systems, Sunshine Properties, and GLS are engaging in contributory trademark infringement by their knowledge of, control over, and contribution to Restaurant Owner, Last Resort, JHS, and BKS imitating and using the Diamond Marks and/or a confusingly similar designation in connection with Diamond View for the sole purpose of promoting Restaurant Owner's restaurant and ultimately, Last Resort's timeshare exit business, as though it was authorized to do so by Diamond, in order to trade upon Diamond's goodwill and reputation.

Page 13 of 18
25017772v4 3033961 7/14/2017
Case 6:17-cv-03208-REL   Document 1   Filed 07/14/17   Page 13 of 18

52. Resort Systems', Sunshine Properties', and GLS' conduct, as set forth herein, constitutes willful and intentional contributory infringement of the Diamond Marks in total disregard for Diamond's proprietary rights, thereby entitling Diamond to attorney's fees pursuant to 15 U.S.C. §1117(a).

53. Resort Systems', Sunshine Properties', and GLS' contributory infringement have caused and will continue to cause Diamond damages in an amount yet to be ascertained. As such, Diamond is entitled to preliminary and permanent injunctive relief against Resort Systems, Sunshine Properties, and GLS, restraining further acts of contributory infringement.

## COUNT III- FALSE DESIGNATION OF ORIGIN, FALSE ASSOCIATION, AND UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. §1125(a)

54. Diamond hereby incorporates paragraphs 1 through 40 as if more fully set forth herein.

55. Diamond is the senior owner and user of the Diamond Marks.

56. Defendants using the Diamond Marks and/or a confusingly similar designation in connection with Diamond View in commerce.

57. Defendants' conduct in the promotion and advertising of Diamond View, as well as other uses of the Diamond Marks, constitutes false designation of origin and a false and misleading representation of fact. Defendants falsely represent that Diamond View is affiliated, sponsored, licensed, or approved by Diamond, and/or connected with Diamond, and falsely represent that it is part of, approved by, or held to the same standards as other Diamond establishments.

58. Such conduct is likely to confuse, mislead, and deceive the public as to the origin of Diamond View and falsely describes Diamond View and constitutes unfair competition in violation of the Trademark Act of the United States, 15 U.S.C. §1125(a).

59. Defendants' actions were done willfully and with an intent to exploit Diamond's reputation, dilute the Diamond Marks, and unfairly compete, thereby entitling Diamond to attorney's fees pursuant to 15 U.S.C. §1117(a).

60. By reason of the foregoing, the community is likely, and will continue to be, confused, misled, deceived, and Diamond is now and will continue to suffer irreparable injury for which Diamond has no adequate remedy at law. As such, Diamond is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of false designation of origin and false association, as well as unfair competition.

61. Defendants' conduct has caused Diamond to suffer damages in an amount not yet ascertained.

## COUNT IV- MISSOURI LAW UNFAIR COMPETITION

62. Diamond hereby incorporates paragraphs 1 through 40 as if more fully set forth herein.

63. Diamond is the prior user of the Diamond Marks.

64. Defendants' are utilizing the Diamond Marks and/or a confusingly similar designation in connection with Diamond View to identify Restaurant Owner's restaurant and, ultimately, Last Resort's timeshare exit business, in competition with Diamond. Defendants' actions lead consumers to think that Diamond View is associated with Diamond and that Diamond has endorsed Last Resort's business practices.

65. Defendants' conduct is without the permission, consent, or authorization of Diamond, and has created and continues to create confusion in the community as to the source and sponsorship of Diamond View, and also creates a likelihood of irreparable injury to Diamond.

66. Defendants' improper use of the Diamond Marks and/or a confusingly similar designation in connection with Diamond View dupes the public into thinking that Diamond View is affiliated with or sponsored by Diamond, and due to the public's mistaken belief, Diamond has been and will continue to be damaged.

67. Defendants' wrongful conduct, is part of a deliberate act intended to appropriate and trade upon the goodwill and reputation of Diamond, and was and continues to be undertaken in total disregard of the resulting damage and injury to Diamond and the Diamond Marks.

68. Defendants have engaged in and continue to engage in acts of unfair competition in violation of the common law.

69. Diamond is now and will continue to suffer irreparable injury as a result of the unfair competition for which Diamond has no adequate remedy at law. As such, Diamond is entitled to preliminary and permanent injunctive relief against Defendants, restraining further acts of unfair competition.

70. Diamond has been damaged in an amount not yet ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Diamond, demands the following judgments:

A. That the Court find, adjudge and decree that Defendants have violated the laws of the United States and of the state of Missouri, as set forth herein.

B. That the Court issue a preliminary and permanent injunction enjoining Defendants, their agents, servants, assigns, and employees, as well as those persons in active concert or participation with them from:

1. Using the Diamond Marks, or any confusingly similar designation, along or in combination with any other words or designations, to market, advertise or identify its restaurant and/or timeshare exit business.

2. Causing likelihood of confusion or injury to Diamond's business reputation.

3. Passing off Diamond View as being associated with Diamond or being sponsored by Diamond.

4. Causing likelihood of confusion or misunderstanding as to Defendants' affiliation, connection or association with Diamond.

5. Diluting the distinctiveness of the Diamond Marks.

6. Unfairly competing with Diamond in any manner.

C. An order enjoining Defendants from continuing to advertise and/or promote Restaurant Owner's restaurant and/or Last Resort's timeshare exit business using the Diamond Marks or any confusingly similar designation, alone or in combination with any other words or designations.

D. An order directing Defendants to file with the Court and serve to Diamond, within 10 business days after entry of an injunction order, a written report, executed under oath, setting forth the manner in which they have complied with the injunction.

E. That within 10 business days after the entry of an injunction order, Defendants be required to deliver to Diamond or to the Court for destruction, all products, signs, devices, literature, advertising and any other material utilizing the Diamond Marks or any confusingly similar designation, alone or in combination with any other words or designations, all at Defendants' cost.

F. An accounting to determine Defendants' profits in connection with sales of products and services identified by the Diamond Marks, or use by Defendants of any designation or mark likely to be confused with the Diamond Marks, and award Diamond with the aforementioned profits.

G. Monetary relief in the amount of actual damages sustained by Diamond as a result of Defendants' false representation, false association, unfair competition, and other wrongful acts, in a total amount that will be determined at trial.

H. An order that Diamond recover from Defendants attorney's fees, expenses and costs incurred by Diamond in bringing this action, pursuant to applicable statutes and case authority.

I. Such other and further relief as this Court deems just and proper.

Filed this 14th day of July, 2017.

/s/ John T. Walsh_____
JOHN T. WALSH, ESQ.
Missouri Bar No. 33874
Email: jwalsh@salawus.com
**SMITH AMUNDSEN LLC**
120 South Central Avenue, Suite 700
St. Louis, Missouri 63105-1794
Telephone: 314-719-3728
Facsimile: 314.719.3729

and

DANIEL J. BARSKY, ESQ.
(Pro Hac Vice Admission To Be Filed)
Florida Bar No. 25713
Email: dbarsky@shutts.com
**SHUTTS & BOWEN LLP**
200 South Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (561) 650-8518
Facsimile: (561) 822-5527

and

GLENNYS ORTEGA RUBIN, ESQ.
(Pro Hac Vice Admission To Be Filed)
Florida Bar No. 556361
Email: grubin@shutts.com
**SHUTTS & BOWEN LLP**
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
Telephone: (407) 423-3200
Facsimile: (407) 425-8316

*Attorneys for Plaintiff, Diamond Resorts Holdings, LLC*